UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R., by and through his guardian ad litem, JASMINE ROESING,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 1:12-cv-00865 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 8)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Jasmine Roesing, Plaintiff's guardian ad litem, seeks judicial review of a determination of the Social Security Administration, denying benefits to the minor plaintiff. The action was initiated on May 24, 2012 (Doc. 1), and on June 12, 2012, Ms. Roesing filed a motion to proceed *in forma pauperis* (Doc. 12). For the following reasons, the motion is **GRANTED**, and the complaint **DISMISSED with leave to amend**.

**I.      Proceeding *in forma paueris***

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the application and has determined Ms. Roesing satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When an individual is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949. When the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

**IV.     Jurisdiction**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1). The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

**V.     Discussion and Analysis**

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on February 23, 2012, at which time the decision became the

1 final decision of the Commissioner. (Doc. 1 at 2). Therefore, Plaintiff's request for review would be
2 due no later than April 28, 2012. However, Plaintiff's counsel requested the Appeals Council grant an
3 extension of time of twenty days to file a civil action on April 24, 2012. (Doc. 1, Exh. 1).

4 Notably, Plaintiff does not allege the Appeals Council granted the extension of time. Even if
5 the twenty-day extension was granted from the day of the request, a request for review was to be filed
6 no later than May 14, 2012. If the extension was from the original date of April 28, 2012, the
7 complaint for review was to be filed no later than May 18, 2012. However, Plaintiff did not request
8 judicial review of the administrative decision until May 24, 2012. Therefore, from the face of
9 Plaintiff's complaint, it appears the Court lacks jurisdiction.

10 **VI.    Leave to Amend the Complaint**

11 If the Court determines that a complaint fails to state a claim, leave to amend should be granted
12 to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203
13 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be
14 dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that
15 the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims
16 that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley*
17 *v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*,
18 651 F.2d 1289, 1294 (9th Cir. 1981).

19 Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a
20 determination that the Court has jurisdiction over the matter. The Court will grant Plaintiff leave to
21 amend the complaint to cure the deficiencies of this complaint by stating the necessary information
22 regarding if and when the request for an extension of time was granted by the Appeals Council.
23 Failure to cure the deficiencies will result in a recommendation that the matter be dismissed.

24 Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her
25 amended complaint complete. Local Rule 220 requires that an amended complaint be complete in
26 itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the
27 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an
28 amended complaint, the original pleading no longer serves any function in the case.

1     The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

    Accordingly, **IT IS HEREBY ORDERED**:

    1.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) is **GRANTED**;

    2.    Plaintiff's complaint **IS DISMISSED** with leave to amend; and

    3.    Plaintiff is **GRANTED** 14 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **June 22, 2012**             **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE