UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R., by and through his guardian ad litem, JASMINE ROESING, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:12-cv-00865 - JLT <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Jasmine Roesing, Plaintiff's guardian ad litem, seeks judicial review of a determination of the Social Security Administration, denying benefits to the minor plaintiff. The action was initiated on May 24, 2012, and on July 3, 2012, Ms. Roesing filed an amended complaint. (Doc. 7). For the following reasons, the First Amended Complaint **DISMISSED WITH LEAVE TO AMEND**.

**I.     Screening Requirement**

When an individual is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

The Court must screen the First Amended Complaint because the amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949. When the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading

are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

**III.    Timeliness of the Complaint**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 10). The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

**IV.    Discussion and Analysis**

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on February 23, 2012, at which time the decision became the final decision of the Commissioner. (Doc. 10 at 2). Therefore, Plaintiff's request for review would be due no later than April 28, 2012. However, Plaintiff's counsel requested the Appeals Council grant an extension of time of twenty days to file a civil action on April 24, 2012. (Doc. 10, Exh. 1).

Examining Plaintiff's initial complaint, the Court observed Plaintiff did not allege the Appeals Council granted an extension of time beyond the time permitted under 42 U.S.C. § 405(g). (Doc. 9 at

3

1  4).  In response, Plaintiff alleges the request for an extension "was made timely because it was requested within the 65-day limited to commence a civil action as delineated in the Appeals Council's denial of the request for review of February 23, 2012."  (Doc. 10 at 2).  According to Plaintiff, "when the Appeals Council receives these kinds of timely requests, the Appeals Council invariably grants them, and begins tolling the deadline in which to commence a civil action when they issue their notice that the request for an extension is granted."  *Id.* at 3.

Importantly, the Appeals Council is not required to grant an extension of time when such a request is made.  Rather, the Appeals Council can require a showing of good cause for such an extension.  *See* 20 C.F.R §422.210(c) (time for filing a civil action "may be extended by the Appeals Council upon a showing of good cause"); *see also* 20 C.F.R. § 404.900 ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose . . . your right to judicial review unless you can show us that there was good cause for your failure to make a timely request for review").  To allow a claimant to file a complaint simply because a request for an extension was filed with the Appeals Council would contradict the Regulations and eviscerate the authority vested in the Appeals Council to make this determination.  The Eleventh Circuit explained: "the sixty-day statutory limited expressed in 42 U.SC.A. § 405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review."  *Stone v. Heckler*, 778 F.2d 645, 648 (11th Cir. 1985) (citing *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980)).

Because Plaintiff does not make any showing that, indeed, the Appeals Council granted the extension of time, any request for judicial review was required to be filed no later than April 30, 2012.  However, Plaintiff did not initiate the action until May 24, 2012.  Therefore, it appears the time restrictions of 42 U.S.C. § 405(g) bar review of the administrative decision denying the claim for Social Security benefits.

### V.     Leave to Amend

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be

dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the Court may exercise jurisdiction over the matter. If the Appeals Council has granted an extension of time, the time restrictions of 42 U.S.C. § 405(g) do not bar judicial review. Accordingly, the Court will grant Plaintiff **one final** opportunity to amend the complaint to cure the deficiencies of this complaint by stating the necessary information regarding if and when the request for an extension of time was granted by the Appeals Council. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint consistent with this Order is considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint **IS DISMISSED** with leave to amend; and

2. Plaintiff is **GRANTED** 14 days from the date of service of this order to file a Second Amended Complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **August 10, 2012**                    /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE

5