1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10

11 | R.R., by and through his guardian ad litem,    ) Case No.: 1:12-cv-00865 - JLT
   | JASMINE ROESING,                               )
12 |                                                ) ORDER DIRECTING CLERK TO ISSUE
   |                   Plaintiff,                   ) SUMMONS
13 |                                                )
14 |          v.                                    ) ORDER DIRECTING UNITED STATES
   |                                                ) MARSHAL TO SERVE SECOND AMENDED
15 | COMMISSIONER OF SOCIAL SECURITY,               ) COMPLAINT
   |                                                )
16 |                   Defendant.                   )
   |                                                )
17 |_____)

18      Jasmine Roesing, Plaintiff's guardian ad litem, seeks judicial review of a determination of the
19 Social Security Administration, denying benefits to the minor plaintiff. The action was initiated on
20 May 24, 2012. (Doc. 1). On August 24, 2012, Ms. Roesing filed a second amended complaint (Doc.
21 12), which is now before the Court for screening.

22 **I.      Screening Requirement**

23      When an individual is proceeding *in forma pauperis*, the Court is required to review the
24 complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty
25 is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may
26 be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28
27 U.S.C. 1915(e)(2). In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over
28 the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

1   The Court must screen the Second Amended Complaint because the amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949. When the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to

1  state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the
2  complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).
3  **III.    Discussion and Analysis**
4       Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability
5  benefits. (Doc. 12). The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which
6  provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

13  *Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the
14  Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. §
15  405(h). These regulations "operate as a statute of limitations setting the time period in which a
16  claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist.
17  LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467,
18  479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). The time limit is a condition on the
19  waiver of sovereign immunity, and it must be strictly construed. *Id.*
20       According to Plaintiff, the Appeals Council denied his request for review of the decision
21  rendered by the administrative law judge on February 23, 2012, at which time the decision became the
22  final decision of the Commissioner. (Doc. 12 at 2). Therefore, Plaintiff's request for review would be
23  due no later than April 28, 2012. However, Plaintiff's counsel requested the Appeals Council grant an
24  extension of time of twenty days to file a civil action on April 24, 2012. *Id.* at 2. This request was
25  granted on May 5, 2012. *Id.* Because Plaintiff imitated this action on May 24, 2012, the filing of the
26  complaint was timely. Thus, the Court has jurisdiction over the matter.
27  ///
28  ///

## IV. Conclusion and Order

Plaintiff's second amended complaint states a cognizable claim for review of the administrative decision denying Social Security benefits.  Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is DIRECTED to issue summons as to the defendant, Commissioner of Social Security;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;
3. Plaintiff SHALL complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and
4. The U.S. Marshal is DIRECTED to serve a copy of the Second Amended Complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated:   **August 27, 2012**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE